IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS E. PEREZ, Secretary,
U.S. Department of Labor,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,

    Defendant.

Case No. 15-9288

## MEMORANDUM & ORDER

This matter comes before the court upon defendant BNSF Railway Company's Status Report and Motion to Stay Proceedings (Doc. 30). This is defendant's third motion to stay and it is opposed by plaintiff. In its previous two motions, defendant sought to stay proceedings to discuss the effect of the Department of Labor Administrative Review Board's decision affirming an Administrative Law Judge's preliminary order requiring defendant to reinstate Clyde Carter to his former position and to discuss settlement prospects.

Defendant now reports that mediation was unsuccessful and it is trying to decide what "its next steps with respect to Mr. Carter's situation" will be. (Doc. 30 at 2.) Defendant requests an additional thirty days to discuss with the labor union representing Mr. Carter "implications of certain provisions of the parties' collective bargaining agreement on any reinstatement." (*Id.*) Defendant generally argues that the stay will not prejudice any party.

The district court has the inherent power to stay proceedings before it. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party requesting the stay must make out a clear case of hardship or inequity

-1-

in being required to go forward. *Id.* at 255. The court exercises its judgment to weigh the parties' competing interests to maintain an even balance. *Id.* at 254–55. The Tenth Circuit specifies that "a plaintiff's right to proceed should not be denied except under the most extreme circumstances." *Petrella v. Brownback*, 980 F. Supp. 2d 1293, 1299 (D. Kan. 2013) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

The court will not exercise its discretion to impose a further stay at this time. Defendant has not shown that hardship or inequity will result if it is required to go forward with this case and it has failed to show that any extreme circumstances exist that would justify an additional stay, depriving plaintiff of his right to proceed. Indeed, the court already granted one stay to allow the parties time to determine the effect of the Administrative Review Board's decision, and granted the parties time to discuss settlement and attempt to resolve their dispute through mediation. Defendant provides no compelling reason why this case should be stayed while it tries to decide what to do next and discusses Mr. Carter's reinstatement with the union. The court finds plaintiff's interest in this case proceeding strongly outweighs any interest defendant has in an additional stay.

**IT IS THEREFORE ORDERED** that defendant BNSF Railway Company's Motion to Stay Proceedings (Doc. 30) is denied.

Dated September 8, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**