IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

R. ALEXANDER ACOSTA, Secretary
U.S. Department of Labor,

      Plaintiff,

      v.

BNSF RAILWAY COMPANY,

      Defendant.

Case No. 15-9288

## MEMORANDUM & ORDER

This matter comes before the court upon defendant BNSF Railway Company's Motion for Summary Judgment (Doc. 53) and plaintiff United States Department of Labor's Motion to Dismiss (Doc. 55) and Motion to Stay Deadlines for the Summary Judgment (Doc. 57).

Plaintiff's amended complaint seeks to enforce the final order of the Administrative Review Board of the Department of Labor ("ARB") affirming the Administrative Law Judge ("ALJ")'s order requiring defendant to reinstate its former employee, Clyde Carter. The ALJ had determined that Mr. Carter was a statutorily protected whistleblower. This action has been stayed for much of its pendency while defendant appealed the ARB's decision to the Eighth Circuit Court of Appeals. On August 14, 2017, the Eighth Circuit vacated and remanded the ARB's decision.

In their respective motions, plaintiff and defendant agree that the Eighth Circuit's decision vacated the administrative order that plaintiff sought to enforce in this action.

The existence of a live case or controversy is a constitutional prerequisite to federal jurisdiction. U.S. Const. art. III, § 2, cl. 1; *Beattie v. United States*, 949 F.2d 1092, 1093 (10th Cir. 1991). So the court must first determine whether a case is moot before examining the merits, and an actual controversy must exist at every stage of review, not just when the complaint is filed. *Id.* The

parties must have a personal stake in the outcome of the litigation at all times during the pendency of the case. *Id.*

All of plaintiff's claims in this case relate to the administrative order requiring defendant to reinstate Mr. Carter. Because the order has been vacated, this court can no longer decide whether to enforce the order. The court therefore finds that there is no longer a case or controversy as required by Article III. Plaintiff's motion to dismiss is granted without prejudice because this court is dismissing for lack of jurisdiction. However, the court notes that in this case the underlying order plaintiff sought to enforce is vacated, so the outcome is the effectively the same whether the case is dismissed with or without prejudice. In light of the court dismissing the case for lack of jurisdiction, plaintiff's motion to stay the case and defendant's motion for summary judgment are moot.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Dismiss (Doc. 55) is granted.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (Doc. 53) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Stay Deadlines for the Summary Judgment (Doc. 57) is denied as moot.

Dated October 16, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**